UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 06-cr-00431-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. RIGOVERTO VALLE-SIERRA,
    a/k/a "Jorge,"
2. JOSE ALFREDO SANCHEZ-GUSMAN,
    a/k/a Jose Alfredo Guzman,
    a/k/a "Macaco,"
3. BOGAR GONZALEZ-ITUARET,
    a/k/a Bogar Gonzalez-Ituarte,
    a/k/a "Hugo,"
    a/k/a Pedro Torres,
4. MARTIN GOMEZ-BERRERA,
    a/k/a Martin Gomez-Barrera,
    a/k/a "Huevo,"
    a/k/a "Huevito,"
    a/k/a Mario Alberto Osuna-Cuen,
5. FERNANDO VALENZUELA-SOTO,
    a/k/a Roberto Martinez-Beltran,
    a/k/a Mario Alberto Ozuna,
    a/k/a Mario Alberto,
    a/k/a "Jaime,"
    a/k/a Jose A. Zasueta,
    a/k/a Juan Al Parra,
    a/k/a Jaime Martinez-Beltran,
    a/k/a "Juan,"
    a/k/a 'Cameleon,"
    a/k/a "Sinola,"
6. HECTOR JESUS ZAMUDIO-TOLOZA,
    a/k/a Hector Jesus Zamudio-Tolosa,
    a/k/a "Tecate,"
7. JOSE QUINTANA,
    a/k/a "Chapo,"
    a/k/a "Chepo,"
    a/k/a 'Chepaneco,"

8. MICHAEL JAMES OVALLE,
   a/k/a Martin Ybarra-Mendoza,
9. ISMAEL GARCIA,
10. ELIZABETH MARCHAND,
    a/k/a Elizabeth Rodriguez,
11. MONICA ESTRADA,
    a/k/a Beatriz Delgado-Rodriguez,
12. **AGUSTIN MAGANA-BERMEO,**
13. LARRY JOE HERNANDEZ,
14. OMAR VALLE-SIERRA,
    a/k/a Omar Valle,
15. DEBBIE LEE MADRID,
    a/k/a Debbie Madrid,
16. LETICIA MOCTEZUMA,
    a/k/a "Lety,"
17. CHRISTINA FERNANDEZ-MOLINA,
    a/k/a 'Guera,"
18. ROBERT JOSE CERVANTES JR.,
19. ENEAS CAMACHO-DOMINGUEZ,
20. VINCE BENAVIDEZ, and
21. LUIS LUNA,
    a/k/a "Juan,"

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on the Government's Motion for Reconsideration of Suppression Order and Request to Submit Additional Authority **(#590)**, which Defendant Agustin Magana-Bermeo opposes **(#601)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

A hearing was held on October 23, 2007 on Defendant Agustin Magana-Bermeo's motion to suppress evidence seized during a traffic stop. The Court granted the motion to suppress after determining that the officers lacked probable cause to search the interior of the vehicle.

The Government now moves for reconsideration of that ruling. It contends that there was probable cause to search the vehicle under the collective knowledge doctrine because the officer who searched it was informed that the Drug Enforcement Administration ("DEA") "had grounds to believe that the vehicle was traveling with contraband[.]" It asks the Court to consider caselaw standing for the proposition that if the DEA "had definitive wiretap information that the car in question was carrying contraband, and that information was communicated to the officers conducting the stop, the collective probable cause doctrine justifies the search[.]" However, the Government states that it is not asking this Court to reopen the evidence to allow for further evidentiary presentation.

Mr. Magana-Bermeo opposes the Government's motion. He contends that the Government cannot invoke the collective knowledge doctrine because the DEA never communicated any facts to the officer who conducted the search.

In support of its motion, the Government relies upon *United States v. Cervine*, 347 F.3d 865, 871 n.7 (10th Cir. 2003). In *Cervine*, the Tenth Circuit approved application of the collective knowledge doctrine in the context of a continued detention during a traffic stop. This doctrine allows a court to determine whether there was probable cause by "look[ing] to the knowledge of all the police involved in [a] criminal investigation, since probable cause can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest." *See id.* It is not clear whether the doctrine applies only if the collective knowledge is actually communicated to the officer who conducts the search. *See United States v. Shareef,* 100 F.3d 1491, 1503-05 (10th Cir. 1996) (declining to apply the doctrine to officers who worked closely together when the evidence showed the officers did not share information).

3

However, the Court need not resolve whether an actual communication is required.

The Court cannot apply the collective knowledge doctrine in this case, because there is no evidence as to what the DEA knew or suspected. At the hearing, the Court received testimony from Officer Ron Bolon of the California Highway Patrol. He testified that he had been contacted by his sergeant and told that an allied agency needed assistance with a traffic stop. He was told that the vehicle "may be involved in an ongoing investigation" and that the investigation "involved narcotics." The narcotics agency wanted him to stop the vehicle based upon his own probable cause, as opposed to information possessed by the agency. There was no evidence that Officer Bolon had been told that the vehicle was carrying, or suspected of carrying, contraband. Nor was there evidence as to why the DEA was interested in this particular vehicle. Thus, what the DEA knew or suspected remains a mystery, and cannot be considered as part of the collective knowledge of the investigating officers.

**IT IS THEREFORE ORDERED** that the Government's Motion for Reconsideration of Suppression Order and Request to Submit Additional Authority **(#590)** is **GRANTED** as to its request to submit additional authority, but **DENIED** as to the request for reconsideration of the suppression ruling.

Dated this 21st day of November, 2007

                                                **BY THE COURT:**

*Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge